UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GAVIN PERKINS                                                                                       Plaintiff

v.                                                                                Civil Action No. 3:24-CV-216-RGJ

NICHOLE WESTSALL                                                                             Defendant

\* \* \* \* \*

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Gavin Perkins's *pro se* civil-rights complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff initiated this *pro se* 42 U.S.C. § 1983 civil-rights action. [DE 1]. Plaintiff who is currently incarcerated at the Kentucky Correctional Psychiatric Center in La Grange, Kentucky, sues Defendant Nichole Westsall.[1] Plaintiff alleges that PNC Bank in Louisville, Kentucky, illegally closed out two of his checking accounts that received direct deposits from a "VA pension system." [*Id.* at 3]. Plaintiff states that "[t]hey interfered with a legal case preventing money for a paid lawyer and disrupted the flow of cash for any future legal expenses." [*Id.*]. As relief, Plaintiff seeks an award of money damages in the amount of $200,000. [*Id.* at 5].

### II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e)(2)(B). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district

---

[1] While Plaintiff does not state that Defendant Westsall works for PNC Bank, the Court will presume that she is an employee or a manager of the bank for purposes of this initial review only.

court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 does not create substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff has not alleged a deprivation of a federal statutory or constitutional right by Defendant Westsall or PNC Bank. Moreover, neither Defendant Westsall nor PNC Bank are state actors. *See Johnson v. Wells Fargo Bank, N.A.*, No. 1:23-CV-10883 (GHW) (JLC), 2024 WL 3187116, at *5 (S.D.N.Y. June 26, 2024); *Ruales v. Spencer Sav. Bank*, No. CV189192KMMAH, 2019 WL 140794, at *4 (D.N.J. Jan. 9, 2019). The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Therefore, Plaintiff has failed to state a claim under § 1983, and this action will be dismissed by separate Order.

Date: September 19, 2024

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
A961.014